SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAY 02 2011

J T NOBLIN, CLERK
BY_____DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

ALFA INSURANCE CORPORATION                    **PLAINTIFF**

VS.                                          CAUSE NO. 2:11cv104-KS-MTP

PRAISE TABERNACLE HOLINESS CHURCH              **DEFENDANT**

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** the Plaintiff, Alfa Insurance Corporation ("Alfa") by and through counsel, and pursuant to Federal Rule of Civil Procedure 57, Title 28 U.S.C. § 2201, and other applicable authorities, hereby files this, its Complaint for Declaratory Judgment, stating to the Court the following:

1. This is an action to determine the rights, duties and obligations of the parties under a policy of church insurance issued by Plaintiff to Defendant.

### PARTIES

2. The Plaintiff, Alfa Insurance Corporation, is a company based in Alabama which is registered to do business in the State of Mississippi and is doing business in the State of Mississippi. Alfa's principal place of business is 2108 East South Boulevard, Montgomery, Alabama 36191-0001.

3. The Defendant, Praise Tabernacle Holiness Church, is located at 512 Oil Well Road, Ovett, Mississippi 39464. It is a corporation in good standing with the Mississippi Secretary of State's office. Its registered agent for service of process is Russell E. Barber.

### JURISDICTION AND VENUE

4. As required by 28 U.S.C. § 1332 there is complete diversity between Alfa and

Defendant, and the amount in controversy exceeds $75,000.00 as the limits of the insurance policy in question exceed the jurisdictional limit.

5. Venue is proper in this district under 28 U.S.C. § 1391(a) because the Defendant is a resident of a county within the Hattiesburg Division of the United States District Court for the Southern District of Mississippi.

<strong>FACTS</strong>

6. At all times relevant to this action the Defendant was an insured under a Church Insurance Policy issued to the Defendant by Alfa. A true and correct copy of the Alfa policy issued to Defendant, bearing policy number SM046488, is attached as Exhibit "A".

7. On September 15, 2008, which is about the time that the Defendant began construction of its present structure which is located at the address listed in paragraph 3 of this Complaint, a Builder's Risk Endorsement was issued increasing the Limits of Liability on the structure being built while maintaining coverage on the building housing Defendant at that time. On January 8, 2009, coverage was changed to delete the original structure, with the present structure being the only insured structure owned by Defendant and insured under the Alfa policy at issue.

8. During the course of construction, Reverend Russell Barber, Defendant's pastor, purchased 167 pieces of drywall manufactured in China (Chinese drywall) from City Building Salvage in Laurel, MS. This drywall was incorporated into the Defendant structure. With the exception of Reverend Barber's office, all drywall used in the construction of the Defendant structure was Chinese drywall.

9. On August 19, 2009, Defendant made a claim for damage to the Church allegedly

-2-

caused by the Chinese drywall installed by Reverend Barber.

    10. Damage and loss allegedly caused by the Chinese drywall include:

        A.    An odor of rotten eggs in the church, more prevalent in the foyer, bathrooms, and fellowship hall;

        B.    Blackened pits on the sink faucets in the men's and women's restrooms;

        C.    Blackened exposed copper ground wire and exposed copper ends of the hot and neutral wires in both men's and women's restrooms;

        D.    Blackened exposed copper ground wire and the exposed copper ends of the hot and neutral wires in the sanctuary;

        E.    Pits in the decorative lighting globes in the sanctuary;

        F.    Tarnished drum cymbals;

        G.    Blackened pits on drum stands;

        H.    Blackened exposed copper ground wire and the exposed copper ends of the hot and neutral wires in the fellowship hall;

        I.    Blackened exposed copper ends of the wires within the breaker panel in the fellowship hall; and

        J.    Sound board used with electric musical instruments ceased to function as it should.

    11. Based upon information supplied to Alfa, a substantial question of law is presented as to whether coverage is afforded the Defendant under the Church Insurance Policy issued by Alfa to Defendant. Therefore, Alfa requests a determination by this Court that there is no coverage for Defendant for the Chinese drywall installed in the Defendant property at 512 Oil Well Road, Ovett, MS 39464, or for any damage or loss allegedly caused by the Chinese drywall used in the construction of the Defendant property.

## COUNT I

## CHINESE DRYWALL, AND THE DAMAGE IT ALLEGEDLY CAUSES, IS NOT A "COVERED CAUSES OF LOSS" UNDER ALFA'S CHURCH INSURANCE POLICY

12. Alfa realleges and incorporates by reference paragraphs 1 through 11 as if they were set out fully herein.

13. Alfa's Church Insurance Policy – Standard Form I. Section I – Property defines that which is covered under the policy.

"A.    COVERAGES

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

1.    Covered Property

a.    Buildings, meaning buildings and structures at the premises described in the Declarations . . . .

b.    Business Personal Property, located in or on the buildings at the described premises or in the open (or in a vehicle) within 100 feet of the described premises . . . ."

14. Alfa's Church Insurance Policy includes the following "Covered Causes of Loss":

"3.    Covered Causes of Loss

a.    Fire.

b.    Lightning.

c.    Explosion . . . .

d.    Windstorm or Hail . . . .

e.    Smoke . . . .

  f.  Aircraft or Vehicles . . . .

  g.  Riot or Civil Commotion . . . .

  h.  Vandalism . . . .

  i.  Sprinkler Leakage . . . .

  j.  Sonic Shock Wave . . . .

  k.  Transportation . . . .

  l.  Volcanic Action . . . .

  m.  Sinkhole Collapse . . . .

  n.  Glass Breakage . . . ."

  15. Assuming that the damage or loss listed in paragraph 10 was or is being caused by Chinese drywall, there is no coverage since Chinese drywall, and that which it allegedly does, is not one of the Covered Causes of Loss under Alfa's Church Insurance Policy.

## COUNT II

### CHINESE DRYWALL, AND THE DAMAGE OR LOSS IT CAUSES, IS NOT COVERED UNDER ALFA'S CHURCH INSURANCE POLICY'S "ADDITIONAL COVERAGES"

  16. Alfa realleges and incorporates by reference paragraphs 1 through 15 as if they were set out fully herein.

  17. The Church Insurance Policy – Standard Form also provides "Additional Coverages" (I. Section I – Property, A. Coverages, 4. Additional Coverages). They are as follows:

  "4.  Additional Coverages

    a.  Debris removal . . . .

b.   Preservation of Property . . . .

c.   Fire Department Service Charge . . . .

d.   Fire Extinguisher . . . .

e.   Arson Reward . . . .

f.   Theft of Money and Securities and Other Property . . . .

g.   Extra Expense . . . .

h.   Employee Dishonesty . . . .

i.   Pollutant Clean Up and Removal . . . ."

18.  Of the above "Additional Coverages," five require that they be the result of a

"Covered Cause of Loss".  These five are:

"a.   Debris Removal";

"b.   Preservation of Property";

"c.   Fire Department Service Charge";

"g.   Extra Expense"; and

"i.   Pollutant Clean Up and Removal".

Since the "Covered Causes of Loss" (paragraph 14) do not include Chinese drywall, and the

damage which it allegedly causes, then there is no coverage under a., b., c., g., and i., above.

19.  The four remaining "Additional Coverages" are:

"d.   Fire Extinguisher Recharge";

"e.   Arson Reward";

"f.   Theft of Money and Securities and Other Property"; and

"h.   Employee Dishonesty".

None of these "Additional Coverages" would cover the Chinese drywall or the damage or loss alleged to have been caused by Chinese drywall and listed in paragraph 9.

## COUNT III

### "COVERAGE EXTENSIONS" UNDER ALFA'S CHURCH INSURANCE POLICY DO NOT PROVIDE COVERAGE FOR CHINESE DRYWALL, OR THE DAMAGE OR LOSS IT CAUSES, SINCE THE CHINESE DRYWALL, OR THE DAMAGE OR LOSS IT CAUSES, IS LIMITED TO THE INSURED PREMISES

20. Alfa realleges and incorporates by reference paragraphs 1 through 19 as if they were fully set out herein.

21. Alfa's Church Insurance Policy – Standard Form also provides Coverage Extensions to property other than that named in the policy Declarations. They are:

> "5. Coverage Extensions
>
>> a. Newly Acquired or Constructed Property . . . .
>>
>> b. Property in Transit . . . .
>>
>> c. Property Off - Premises . . . .
>>
>> d. Personal Effects and Property of Others . . . .
>>
>> e. Trees, Shrubs, Lawns and Plants . . . .
>>
>> f. Accounts Receivable . . . .
>>
>> g. Valuable Papers and Records – Cost of Research . . . ."

None of these Coverage Extensions is applicable since the damage allegedly caused by Chinese drywall is to the insured premises itself, not property to which the policy's coverage is extended. Accordingly, there is no coverage for the insured's damages under these Coverage Extensions.

-7-

<u>COUNT IV</u>

## ALFA'S BUILDER'S RISK ENDORSEMENT DOES NOT COVER CHINESE DRYWALL SINCE IT WAS NOT DAMAGED DURING CONSTRUCTION BY A "COVERED CAUSE OF LOSS"

22.   Alfa realleges and incorporates by reference paragraphs 1 through 21 as if they were set out fully herein.

23.   Alfa's Builder's Risk Endorsement written for the Defendant provides the following:

"A.   COVERAGE

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

1.   Covered Property

Covered Property, as used in this Coverage Part, means the following type of property for which a Limit of Insurance is shown in the Declarations:

Building Under Construction, meaning the building or structure described in the Declarations while in the course of construction, including: . . .

b.   If intended to become a permanent part of the building or structure described in the Declarations, the following property located in or on the building or structure or within 100 feet of its premises: . . .

(2)   Your building materials and supplies used for construction . . . ."

Though "building materials and supplies" would include sheet rock or drywall, this endorsement is limited to damage to "materials and supplies" by "Covered Causes of Loss." None of the "Covered Causes of Loss" (found in paragraph 14) caused any damage to the

Chinese drywall, thus there is no coverage under the Builder's Risk Endorsement.

<u>COUNT V</u>

<b>ALFA'S BUILDER'S RISK ENDORSEMENT'S "ADDITIONAL COVERAGES"
DO NOT PROVIDE COVERAGE FOR CHINESE DRYWALL</b>

24. Alfa realleges and incorporates by reference paragraphs 1 through 23 as if they were set out fully herein.

25. The "Additional Coverages" under Alfa's Builder's Risk Endorsement are:

> "4.     Additional Coverages
>
> > a.     Debris Removal . . . .
> >
> > b.     Preservation of Property . . . .
> >
> > c.     Fire Department Service Charge . . . .
> >
> > d.     Pollutant Clean Up and Removal . . . .
> >
> > e.     Building Materials and Supplies of Others . . . ."

Subsections a. through d. must be caused by a "Covered Cause of Loss." No "Covered Cause of Loss" (listed in paragraph 14) covers Chinese drywall, and that which it allegedly does, so there is no coverage under "Additional Coverages" a. through d. Subsection e., though it covers "Building Materials" which would include drywall, is additional insurance that can be purchased. It was not, so is not applicable. Further, subsection e. covers only those "Building Materials" owned by others. At all times during the construction phase of the Defendant structure, the Chinese drywall was owned by the Defendant. Thus, there is no coverage.

-9-

## COUNT VI

### ALFA'S BUILDER'S RISK ENDORSEMENT DOES NOT PROVIDE COVERAGE FOR CHINESE DRYWALL OR THAT WHICH IT ALLEGEDLY DOES SINCE ANY DAMAGE TO THE DRYWALL PREDATES CONSTRUCTION AND IS NOT DUE TO A COVERED CAUSE OF LOSS

26. Alfa realleges and incorporates by reference paragraphs 1 thru 25 as if they were set out fully herein.

27. Alfa's Builder's Risk Endorsement provides the following:

"A.    COVERAGE

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

1.    Covered Property

Covered Property, as used in this Coverage Part, means the following type of property for which a Limit of Insurance is shown in the Declarations:

Building Under Construction, meaning the building or structure described in the Declarations while in the course of construction . . . ."

28. Assuming that the Chinese drywall is damaged, then such damage predated the construction of the Defendant structure, and there is no coverage. Assuming that the damage allegedly caused by the Chinese drywall predated the completion of construction, then it is not covered since it is not a Covered Cause of Loss.

### RELIEF REQUESTED

29. **WHEREFORE, PREMISES CONSIDERED,** Alfa requests that this Court declare and order that there is no coverage under Alfa's Church Insurance Policy number SM046488 for Defendant's claimed damage and loss as outlined herein, and for such other

relief that the Court may deem proper.

This the 29th day of April, 2011.

Respectfully submitted,

ALFA INSURANCE CORPORATION,
Plaintiff

BY: WILKINS TIPTON, P.A.

BY: _____
BILL PATTERSON (MSB # 4055)

WILKINS TIPTON, P.A.
One LeFleur's Square
4735 Old Canton Road
Post Office Box 13429
Jackson, Mississippi 39236-3429
*Attorneys for Alfa Insurance Corporation, Plaintiff*